# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY MARYMEE, et al., | No. 2:21-CV-1219-TLN-DMC |
| Plaintiffs, | |
| v. | ORDER |
| FORD MOTOR COMPANY, | |
| Defendant. | |

Plaintiffs, who are proceeding with retained, bring this civil action. Before the Court is Defendant's motion for a protective order. See ECF No. 8. Plaintiffs have filed an opposition. See ECF No. 12. The parties have also filed separate statements concerning the discovery dispute. See ECF Nos. 13 and 14. Plaintiffs' separate statement at ECF No. 14 is identical to their opposition at ECF No. 12. The parties appeared for a hearing before the undersigned in Redding, California, on February 16, 2022, at 10:00 a.m. Brian Vanderhoof, Esq., appeared telephonically for Defendant. Anna Galaviz, Esq., appeared in person for Plaintiffs. Following discussion with the parties, the matter was submitted.

/ / /

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

The matter was removed to this Court from the Tehama County Superior Court under this Court's diversity jurisdiction. See ECF No. 1. Plaintiffs assert "lemon law" claims under California's Song-Beverly Consumer Warrant Act, Cal. Civ. Code § 1790, et seq., relating to a particular 2016 Ford F150 truck purchased by Plaintiffs (subject vehicle). See ECF No. 1-3. Plaintiffs assert two state law causes of action: breach of the implied warranty of merchantability; breach of express warranty. See id. Defendant answered the complaint in state court concurrent with removal. See id.

Pursuant to the District Judge's scheduling order issued upon removal of the action, non-expert discovery is due to be completed within 240 days from the date Defendant filed its answer in state court. See ECF No. 3. Defendant filed its answer on or about July 9, 2021. See ECF No. 1-3. The 240-day period (eight months) expires on approximately March 1, 2022. Defendant's motion, which was filed on December 29, 2021, is timely.

## II. SUMMARY OF DISCOVERY DISPUTE

Plaintiffs served Defendant with a notice of deposition of Ford's person most qualified (PMQ) on December 16, 2021. See ECF No. 13-1, pgs. 6-11 (Exhibit 1 to Vanderhoof declaration). The deposition notice lists 14 specific matters of inquiry and seeks production of related documents. See id. Defendant seeks a protective order limiting the scope of the deposition. See ECF No. 13. Challenging each of the 14 listed matters, Defendant argues:

| | |
|---|---|
| Matters 2, 3, 4, and 13 | These matters should be limited to inquiry concerning technical service bulletins related to the subject vehicle. See id. at 2-4. |
| Matters 5, 6, and 14 | These matters should not be allowed because they are irrelevant. See id. at 4-5. |
| Matters 7 and 8 | These matters should not be allowed because Plaintiffs never sought repurchase of the subject vehicle. See id. at 5. |
| Matter 9 | This matter should be limited to inquiry regarding only warranties applicable to the subject vehicle. See id. at 6. |

2

Matters 1, 10, 11, and 12     These matters should be limited to inquiry into only that information which is within Ford's possession, custody, or control. See id. at 6-7.

### III. DISCUSSION

Defendant states that its motion is brought under Federal Rules of Civil Procedure 26 and 37. Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court may "limit the frequency or extent of discovery otherwise allowed" if it determines that: (1) the discovery sought is unreasonably cumulative or duplicative; (2) the party seeking discovery has already had ample opportunity to obtain the information through discovery in the action; or (3) the proposed discovery is outside the scope of discovery permitted under Rule 26(b)(1). Rule 26(c) governs protective orders. Rule 26(c)(1)(D) allows the Court to limit the scope of discovery to certain matters on motion showing annoyance, embarrassment, oppression, or undue burden or expense. Rule 30(d)(3)(A) permits the Court to limit the scope of a deposition as provided in Rule 26(c). Rule 37(a)(3)(B)(i) permits the Court, on motion, to order further discovery when a deponent refuses to answer a question under Rule 30. Rule 37(b) relates to failure to comply with a discovery order.

Because Defendant's motion does not relate to the failure to answer a deposition question that has already been asked under Rule 30, or the failure to comply with a prior discovery order, Rule 37 is inapplicable. Defendant's motion, therefore, properly proceeds under Rule 26. Relevant to the arguments raised in Defendant's motion, Defendant would be entitled to a protective order if the discovery sought is irrelevant, see Fed. R. Civ. P. 26(b)(2)(C)(iii), or Defendant can show the discovery sought would cause annoyance, embarrassment, oppression, or undue burden or expense, see Fed. R. Civ. P. 26(c)(1)(D).

/ / /

/ / /

/ / /

/ / /

/ / /

3

**A.    Matters 2, 3, 4, and 13**

Plaintiffs seek testimony from Ford's PMQ on the following matters related to technical service bulletins (TSBs):

> Matter 2        All TSBs applicable to the subject vehicle, including those superseded.
>
> Matter 3        Why these TSBs were issued.
>
> Matter 4        The process by which a TSB is issued, including but not limited to all criteria, data, or information relied upon.
>
> Matter 13      Any and all information that led to the issuance of TSB 16-0015, including but not limited to the number of customer complaints, amounts paid for repairs, technical hotline inquiries, and any and all data/information relied upon or utilized by Ford in the issuance and/or publication of the bulletin.

ECF No. 13-1, pg. 7.

Defendant objects to producing a witness to testify concerning all TSBs applicable to any 2016 F150. See ECF No. 13, pgs. 2-4. According to Defendant, information related to 2016 F150s other than the subject vehicle purchased by Plaintiffs is not relevant. Defendant cites Calcor Space Facility, Inc. v. Superior Court, 53 Cal. App. 4th 216, 223-24 (4th Dist. 1997), in support of its argument.

The deposition notice specifically defines "subject vehicle" as the particular 2016 F150 purchased by Plaintiffs. See ECF No 13-1, pg. 7. Given that Matter 2 specifically seeks testimony relating to the "subject vehicle," it does not seek inquiry into other 2016 F150s. Defendant's motion for a protective order will be denied as to Matter 2

While Matter 3 appears to refer to the TSBs identified in Matter 2 which, in turn, refers only to the specific 2016 F150 purchased by Plaintiffs, to the extent the matter is unclear, Defendant's motion for a protective order will be granted as to Matter 3 and the matter will be limited to testimony concerning only those TSBs applicable to Plaintiffs' particular vehicle.

///

///

4

As to Matter 4, the parties acknowledge that a TSB, specifically no. 16-0015, was issued for the subject vehicle. Therefore, the process by which this TSB was issued is relevant to Plaintiffs' claims relating to the subject vehicle. Defendant's witness, however, will not be required to testify as to the process by which those TSB's <u>not</u> applicable to the subject vehicle were issued. Consistent with the Court's rulings above, Defendant's motion for a protective order will be granted as to Matter 4 and the inquiry into this topic will be limited to <u>only</u> the process by which TSBs applicable to <u>Plaintiff's</u> subject vehicle were issued.

The scope of Matter 13 is patently overbroad in that it seeks information related to complains by other customers and repairs to other vehicles. Defendant's motion for a protective order as to this matter will be granted and inquiry into Matter 13 will be limited to only that information directly related to the subject vehicle at issue in this lawsuit.

**B.** **Matters 5, 6, and 14**

Plaintiffs seek testimony from Ford's PMQ on the following matters related to recalls:

| | | |
|---|---|---|
| Matter 5 | | All recalls applicable to the subject vehicle, including those superseded. |
| Matter 6 | | Why these recalls were issued. |
| Matter 14 | | Any and all information that led to the issuance of recall 17S33, including but not limited to the number of customer complaints, amounts paid for repairs, technical hotline inquiries, and any and all data/information relied upon or utilized by Ford in the issuance and/or publication of the recall. |

ECF No. 13-1, pgs. 7-8.

According to Defendant, recall 17S33 is the only recall related to the subject vehicle. <u>See</u> ECF No. 13, pgs. 4-5. Defendant contends, however, that Plaintiffs are not entitled to discovery relating to this recall because it was issued for problems with a frozen door latch, a problem about which Plaintiffs never complained or sought repairs. <u>See</u> <u>id.</u> Citing <u>Noori v. Jaguar Land Rover N. Am.</u>, 2021 WL 1232450, at *4 (C.D. Cal. 2021), Defendant asserts evidence relating to recall 17S33 is not relevant to Plaintiffs' lemon law claims. Plaintiffs contend: "Plaintiffs absolutely require that Ford's corporate witness offer

testimony and information relates to all. . . Recalls applicable to Plaintiffs' vehicle." ECF No. 12, pg. 7.

On its face, Matter 5 seeks inquiry into information related to recalls associated with the subject vehicle. Defendant says there is only one such recall – 17S33 – that would be the subject of inquiry. Plaintiff are entitled to ask Ford's PMQ if this is the case. If the witness testifies as recalls affecting the subject vehicle <u>and</u> related to the issues of the pending action, Plaintiffs should be permitted to further inquire if such other recalls related to issues about which Plaintiffs complained. Any inquiry into recalls should be limited to those recalls affecting the subject vehicle and relating to problems with the subject vehicle about which Plaintiffs have complained. The Court does not see the need for a protective order as to Matter 5 and Defendant's motion will be denied as to this topic.

While Matter 6 appears to seek information related only to those recalls identified in Matter 5, to the extent the topic in unclear in this regard, Defendant's motion for a protective order will be granted. Inquiry into Matter 6 shall be limited only to those recalls identified in Matter 5 which relate specifically to the subject vehicle purchased by Plaintiffs.

As with Matter 13, the scope of Matter 14 is patently overbroad in that it seeks information related to complaints by other customers and repairs to other vehicles. Defendant's motion for a protective order as to this matter will be granted and inquiry into Matter 14 will be limited to only that information directly related to the subject vehicle at issue in this lawsuit.

**C.     Matters 7 and 8**

In Matters 7 and 8, Plaintiffs seek testimony concerning repurchase of the subject vehicle, as follows:

| | | |
|---|---|---|
| Matter 7 | | Defendant's failure to repurchase Plaintiffs' vehicle. |
| Matter 8 | | Defendant's policies and procedures for evaluating and investigating whether a vehicle qualifies for repurchase or replacement under California Lemon Law. |

ECF No. 13-1, pg. 7.

Defendant's motion for a protective order will be granted as to Matter 7, which

1 is vague as to what is meant by "failure."  The term is also somewhat argumentative in that, if
2 as Ford contends it did not repurchase or replace Plaintiffs' vehicle because Plaintiffs never
3 asked for repurchase or replacement, there was no "failure" to the extent the word suggests
4 Ford did something wrong.  In any event, Plaintiffs will be able to get the answers they seek
5 via inquiry into Matter 8, discussed below.  Plaintiffs may also explore this topic satisfactorily
6 via targeted and specific interrogatories to Ford as to why it did not repurchase or replace
7 Plaintiffs' vehicle.

As to Matter 8, Defendant argues that the scope of inquiry is overbroad in that it
is unlimited in time.  See ECF No. 13, pg. 5.  This objection is overruled based on defense
counsel's representation that Ford did not repurchase or replace Plaintiffs' vehicle because
Plaintiffs never requested repurchase or replacement.  Plaintiffs will be permitted to inquire as
to Defendant's reason for not repurchasing or replacing Plaintiffs' vehicle.  It is expected that
Ford's PMQ will testify consistent with counsel's representation at the hearing and that will
end the inquiry.  If Ford's PMQ testifies as to reasons other than the absence of a request from
Plaintiffs, Plaintiffs' counsel will be permitted further inquiry into any such other reasons.
Defendant's motion for a protective order will be denied as to Matter 8.

**D.   Matter 9**

In Matter 9, Plaintiffs seek testimony from Ford's PMQ regarding Ford's
warranty policies and procedures:

> Matter 9   Defendant's warranty policies and procedures in place at the time of Plaintiff's purchase of the subject vehicle to the filing of this lawsuit governing or pertaining to the subject vehicle, repairs, and warranty repair reimbursement.
>
> ECF No. 13-1, pg. 7.

Defendant objects that the matter is overbroad in time, irrelevant, and vague.
See ECF No. 13, pg. 6. The Court does not agree that the matter is overbroad in time because
it is specifically limited to the time of Plaintiffs' purchase of the subject vehicle through the
date the instant lawsuit was filed.  As to Defendant's other objections, while it is certainly
possible that this topic could run afield of testimony concerning Plaintiffs' vehicle, Plaintiffs'

counsel has represented that the inquiry will not do so. Based on this representation, Defendants' motion for a protective order is denied as to Matter 9, subject to a further motion should deposition questions stray away from information related only to Plaintiff's vehicle. In this regard, the Court expects to be able to take counsel's word when representations are made in open court and further expects all counsel to act professionally and in good faith as discovery proceeds in this case.

### E. Matters 1, 10, 11, and 12

In these matters, Plaintiffs seek testimony concerning warranties and repairs relating to the subject vehicle:

> Matter 1    All repairs to the subject vehicle, including all attempts to diagnose its problems and the time spent diagnosing its problems.
>
> Matter 10   All warranties that accompanied Plaintiff's vehicle at the time of purchase.
>
> Matter 11   All information regarding Defendant's repair procedures consulted and followed during the repairs for the subject vehicle.
>
> Matter 12   All information regarding diagnostic procedures consulted and followed while diagnosing Plaintiff's concerns for the subject vehicle.

ECF No. 13-1, pg. 7.

Defendant objects that all these matters seek information related to repairs by independently-owned and operated third-party entities. See ECF No. 13, pg. 7. Ford has agreed to produce its PMQ to testify as to information relating to the repair history on the subject vehicle to the extent such information is known to Ford. See id. While Plaintiffs are correct that information related to the repair history of the subject vehicle is relevant in a lemon law case, Defendant is also correct that it cannot be compelled to provide information that is not known to Ford's PMQ upon reasonable effort.

Defendant's objection is well-taken. Defendant's motion for a protective order will be granted as to Matters 1, 10, 11, and 12. Inquiry into those matters shall be limited to that information known by Ford. To the extent an independently-owned and operated third-

8

party entity provided information related to Plaintiffs' vehicle to Ford, Ford's PMQ should be prepared to testify as to such information. To the extent an independently-owned and operated third-party entity provided repair services to Plaintiffs' vehicle but information regarding such repairs were not provided to Ford, Plaintiffs are free to pursue additional discovery directed to those other entities.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion for a protective order, ECF No. 8, is granted in part and denied in part as outlined below:

| | |
|---|---|
| Matter 1 | Granted. Inquiry is limited to that information known by Ford. |
| Matter 2 | Denied. |
| Matter 3 | Granted. Inquiry is limited to only those TSBs applicable to Plaintiffs' particular vehicle. |
| Matter 4 | Granted. Inquiry is limited to only the process by which TSBs applicable to the subject vehicle were issued. |
| Matter 5 | Denied. |
| Matter 6 | Granted. Inquiry is limited to only those recalls identified in Matter 5 which relate specifically to the subject vehicle purchased by Plaintiffs. |
| Matter 7 | Granted. This topic is stricken without prejudice to Plaintiffs' ability to seek information by way of interrogatories. |
| Matter 8 | Denied. |
| Matter 9 | Denied. |
| Matter 10 | Granted. Inquiry is limited to that information known by Ford. |
| Matter 11 | Granted. Inquiry is limited to that information known by Ford. |
| Matter 12 | Granted. Inquiry is limited to that information known by Ford. |

9

| | | |
|---|---|---|
| Matter 13 | Granted. Inquiry shall be to only that information directly related to the subject vehicle at issue in this lawsuit. |
| Matter 14 | Granted. Inquiry shall be limited to only that information directly related to the subject vehicle. |

2. The Court sua sponte extends the date for completion of non-expert discovery to May 1, 2022; and

3. In all other respects, the Court's July 12, 2021, scheduling order at ECF No. 3 remains in full force and effect.

Dated: March 2, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

10